UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDDIE HOOVER, M.D.,

                        Plaintiff,
      v.

ERIC K. SHINSEKI, as Secretary of Veteran Affairs,
WILLIAM F. FEELEY, Director of Medical Center
 Veteran Affairs Western New York Healthcare
 Systems, and
MIGUEL RAINSTEIN, M.D., Chief of Staff Veteran
 Affairs Western New York Healthcare Systems,

                        Defendants.

**REPORT
and
RECOMMENDATION**

11-CV-00734A(F)

---

APPEARANCES:        LAW OFFICE OF ANTHONY L. PENDERGRASS
                            Attorney for Plaintiff
                            ANTHONY L. PENDERGRASS, of Counsel
                            295 Main Street
                            984 Ellicott Square Building
                            Buffalo, New York 14203

                            WILLIAM M. HOCHUL
                            UNITED STATES ATTORNEY
                            Attorney for Defendants
                            MICHAEL S. CERRONE
                            Assistant United States Attorney, of Counsel
                            Federal Centre
                            138 Delaware Avenue
                            Buffalo, New York 14202

## **JURISDICTION**

      This action was referred to the undersigned by Honorable Richard J. Arcara on February 22, 2012, for pretrial matters, including Report and Recommendation on dispositive motions. The matter is presently before the court on Defendants' motion to dismiss (Doc. No. 5), filed February 21, 2012.

# BACKGROUND AND FACTS[1]

On August 31, 2011, Eddie L. Hoover ("Plaintiff") filed a complaint ("the Complaint") (Doc. No. 1) commencing this action alleging employment discrimination and hostile work environment, based on Plaintiff's race, age, and unspecified disability, as well as retaliation for complaining about the alleged discrimination. Complaint ¶¶ 19-20. Plaintiff named the Defendants Eric K. Shinseki as Secretary of Veterans Affairs ("Shinseki"), Williams F. Feeley as Director of Medical Center ("Feeley"), and Miguel Rainstein as Chief of Staff ("Rainstein"). Plaintiff asserts five claims for relief, the three relevant being age discrimination in violation of the Age Discrimination Employment Act of 1967, 29 U.S.C. § 621 et. seq. ("ADEA Claim") (age), violation of the Rehabilitation Act of 1972 29 U.S.C. § 701 et. seq. ("Rehabilitation Act Claim") (disability), and violation of the Due Process Clause, U.S. Const. Amend. V ("Due Process Claim").

In September 1990, Plaintiff commenced working at Veterans Administration of Western New York Healthcare Systems ("VAWNYHS") it its Buffalo facility ("VAWNYHS Buffalo). *Id.* ¶ 14. On June 4, 2009, Plaintiff, then acting Chief of Safety at VAWNYHS Buffalo, sent a letter complaining of dysfunctional surgical services and discriminatory practices that were occurring at VAWNYHS Buffalo ("the June 4, 2009 letter"). *Id.* ¶ 15. Subsequently, on June 29, 2009, Rainstein proposed discipline for Plaintiff for failure to follow a direct order given by Rainstein which Feeley sustained. *Id.* ¶¶ 17-18. In September of 2009, Plaintiff maintains that he was assigned by Rainstein to perform Compensation and Pension exams ("the examinations"), which were usually assigned

---

[1] The Facts are taken from the pleadings filed in this action.

to those considered "junior" to Plaintiff, to retaliate against Plaintiff for the June 4, 2009 letter. *Id.* ¶¶ 19-20. Plaintiff further alleges his unspecified disability renders him unable to perform the examinations. *Id.* ¶ 20. On December 16, 2009, Plaintiff was denied his biannual pay increase, and on December 24, 2009 Plaintiff was reassigned to perform the examinations all day. *Id.* ¶¶ 22-1. On January 29, 2010 Plaintiff filed a complaint with the EEO Office at VAWNYHS. *Id.* ¶ 28. Plaintiff maintains that he was constructively discharged in October 2010 after suffering such discriminatory practices by Defendents. Id. ¶ 68.

On February 21, 2012, Defendants filed a motion to dismiss (Doc. No. 5) ("Defendants' Motion"), for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). Defendants specifically seek to dismiss the ADEA and Rehabilitation Act Claims against Feeley and Rainstein, and the Due Process Claim against Shinseki. Defendants' motion is supported by an accompanying Memorandum of Law of Defendants (Doc. No. 6) ("Defendants' Memorandum"). Plaintiff's Reply Declaration in Opposition to Defendants' Motion to Dismiss (Doc. No. 9) ("Plaintiff's Response") was filed on April 26, 2012. On May 10, 2012, Defendants filed Defendents' Reply Memorandum of Law (Doc. No. 10) ("Defendants' Reply"). Oral argument was deemed unnecessary.

Based on the following, Defendants' motion should be GRANTED.

## DISCUSSION

Defendants moves to dismiss the Complaint for failure to state a claim, asserting Plaintiff has failed to allege sufficient facts setting forth discrimination and retaliation

3

laims under the ADEA Claim and Rehabilitation Act Claim against Feeley and Rainstein. Defendants' Memorandum at 3-4. Defendants further assert that Plaintiff has failed to allege sufficient facts against Shinseki for a *Bivens*[2] claim under the Due Process Claim. *Id.* at 4. In response, Plaintiff maintains because he correctly named the right Defendants in the caption for each Claim for relief he did not name Feeley and Rainstein under the ADEA and Rehabilitation Claims, and did not name Shinseki under the Due Process Claim. Plaintiff's Response at 2-3.

In further support of dismissal, Defendants assert that regardless which Defendants' names appear in the caption for each Claim, a plain reading of the complaint establishes the ADEA, Rehabilitation Act, and Due Process Claims are alleged against Shinseki, Feeley, and Rainstein. Defendants' Reply at 2-3. Defendants argue the only "proper defendant in an employment discrimination suit under those statutes [ADEA and Rehabilitation Act] is the head of the agency where the plaintiff was employed." Defendants' Memorandum at 3 (citing *Jaremka v. United States Gov't Dep't Veterans Affairs*, No. 05-CV-0367, 2007 WL 2580493 (W.D.N.Y. Sept. 4, 2007) (dismissing Title VII and Rehabilitation Act claims against individual employers of the Veterans Affairs); *Torres v. Dep't Veterans Affairs*, No 02 Civ. 9601, 2004 WL 691237 (S.D.N.Y. March 31, 2004) (dismissing claims against individual defendants under Title VII). The instant Complaint does name Shinseki as the Secretary of the Department of Veterans Affairs as a Defendant in this action, but also names Feeley

---

[2] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that a federal cause of action for violation of a federally protected constitutional right, there, the Fourth Amendment, was implied by the specific constitutional protection at issue allowing recovery of money damages against federal officers acting under color of federal law.

4

and Rainstein in "Nature of the Claim" section of the Complaint under both ADEA and Rehabilitation Act Claims. Complaint ¶ 1. Plaintiff concedes there was no intention of naming Feeley or Rainstein as Defendants under the ADEA and Rehabilitation Act Claims. Plaintiff's Response at 2-3.

Plaintiff ignores the fact that by listing Feeley and Rainstein within the "Nature of the Claim" section of the Complaint, Plaintiff has, notwithstanding Plaintiff's disclaimer of an intention to do so, inherently asserted the ADEA and Rehabilitation Act Claims against both Feeley and Rainstein. Because the only proper defendant is the head of the department, employers' agents are not individually liable under all Title VII cases, including ADEA and Rehabilitation Act. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-17 (2d Cir. 1995) *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *see also Jaremka v. United States Gov't Dep't Veterans Affairs*, No. 05-CV-0367, 2007 WL 2580493, at *1 (W.D.N.Y. Sept. 4, 2007). Accordingly, dismissal of the Complaint against Feeley and Rainstein under the ADEA and Rehabilitation Claims is required.

Additionally, Defendants maintain that the Plaintiff fails to state a claim under the Due Process Claim against Shinseki. Defendant's Memorandum at 5. Defendants argue that for an individual to be named as a defendant in a *Bivens* action, personal involvement of such person in the alleged constitutional violation is required, and Plaintiff has failed to allege any facts to show the requisite personal involvement of Shinseki in the violation of Plaintiff's constitutional rights as Plaintiff alleges. *Id.* In response, plaintiff concedes that Shinseki was not an intended Defendant in the Due Process Claim, and that the names Mc Donald and Saczak also wrongly appear in the

5

Due Process Claim's caption. Plaintiff's Response at 3.

Because a *Bivens* claim has not been extended to federal agencies, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994), dismissal of the Due Process Claim Shinseki, as well as against McDonald and Saczak, is warranted.

## **CONCLUSION**

Based on the foregoing, Defendants' motion to dismiss (Doc. No. 5), should be GRANTED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	September 27, 2012
	Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 27, 2012
             Buffalo, New York